IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 3, 2009

**EDWARD P. PORTER v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 96-D-1919     Steve Dozier, Judge**

_____

**No. M2008-00375-CCA-R3-CO - Filed April 21, 2009**

_____

The petitioner, Edward P. Porter, appeals the Davidson County Criminal Court's summary dismissal of his petition for writ of error coram nobis. The petitioner pled guilty in 1998 to possession with intent to sell over .5 grams of cocaine, a Class B felony, and was sentenced to eight years in the Department of Correction. In 2007, the petitioner filed the instant petition, alleging that he was being restrained by an illegal sentence. The trial court summarily dismissed the petition because it was filed outside the statute of limitations and because it failed to state a cognizable claim. On appeal, the petitioner contends that the court erred in determining that the petition was time-barred, asserting that the one-year statute of limitations is not applicable and that his assertion of an illegal sentence in violation of Tennessee Rule of Criminal Procedure 32 establishes a cognizable claim for relief. Following review of the record, we find no error and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Edward P. Porter, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Senior Counsel; Victor S. (Torry) Johnson, III, District Attorney General; and Pamela S. Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

On October 1, 1996, the petitioner was indicted by a Davidson County grand jury for possession of a controlled substance, cocaine, with intent to sell or deliver; possession of a prohibited weapon; suspended drivers' license; and two counts of evading arrest. According to the petitioner's assertion, he was arrested on May 3, 1995, in a separate case and, while released on

bond, committed the instant offense. However, we are unable to ascertain that from the record provided to us. The petitioner did include documentation in the record which establishes that he was arrested for a drug offense on May 3, 1995, in a separate Davidson County case. However, no disposition date or release date can be ascertained from the information we have been provided.

In the instant case, pursuant to a negotiated plea agreement, the petitioner pled guilty on February 20, 1998, to one count of possession with intent to sell over .5 grams of cocaine and received an eight-year sentence in the Department of Correction. From the judgment, it is clear that the sentence was ordered to be served concurrently with a Coffee County sentence, but nothing is contained in the record with regard to that conviction or sentence.

More than nine years later, on September 12, 2007, the petitioner filed the instant petition for writ of error coram nobis, alleging that his conviction in this case was being used to enhance a sentence imposed by the United States District Court. He asserted, for the first time, that the conviction is illegal as it was imposed in violation of Rule 32 of the Rules of Criminal Procedure, which provides for mandatory consecutive sentences if a defendant commits a felony while on bail for a separate offense and is convicted of both offenses. *See* Tenn. R. Crim. P. 32(c)(3)(C). He further challenged the conviction, contending that it was imposed in violation of his right to the effective assistance of counsel, his right to due process of law, and Rule 11 of the Tennessee Rules of Criminal Procedure. Finally, he asserted that the plea agreement was invalid, depriving the trial court of jurisdiction to accept the plea.

On September 20, 2007, the trial court summarily dismissed the petition by written order, finding that it was barred by the one-year statute of limitations and that it failed to state a cognizable claim for coram nobis relief. Subsequently, on November 6, 2007, the petitioner filed a "Supplement Pursuant to Writ Error Coram Nobis," challenging yet another Davidson County conviction. On that same date, the petitioner also filed a "Motion for Reconsideration and Judicial Notice Pursuant to Writ Error Coram Nobis." On January 10, 2008, the trial court filed a written order dismissing the motions. The petitioner filed a notice of appeal on February 12, 2008.

**Analysis**

On appeal, the petitioner asserts that the trial court erred in summarily dismissing his petition as time-barred because the statute of limitations is not applicable. He further asserts that he received ineffective assistance of counsel, that his guilty plea entered in 1996 was not a knowing and voluntary plea, and that the court did not have jurisdiction to accept the plea. He again reiterates his contention that the sentence itself is illegal because he was given concurrent sentences in violation of Rule 32 and because of a change in the drug law in 1992, which he claims should have resulted in a lesser sentence.

Initially, we must address the petitioner's notice of appeal, which was not timely filed in this case. Tennessee Rules of Appellate Procedure 4(a) provides that a notice of appeal as of right be filed with the trial court clerk within thirty days after entry of the judgment being appealed. In this

case, the trial court's order was filed on September 20, 2007. Thus, because no action was taken by the petitioner, the judgment of the trial court became final on October 20, 2007. *See State v. Mixon*, 983 S.W.2d 661, 670 (holding that a judgment becomes final in the trial court thirty days after its entry if no post-trial motions are filed). As such, the trial court did not have jurisdiction to rule upon the two motions filed by the petitioner in November 2007. Thus, it cannot be disputed that the petitioner's February 12, 2008 notice of appeal was not timely filed. However, "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). The appellate court to which the appeal is taken "shall be the court that determines whether such a waiver is in the interest of justice." *Id*. In this case, because the record is sufficient to adequately dispose of the issues, we conclude that waiver in the interest of justice is appropriate.

The writ of error coram nobis is an "extraordinary remedy," filling only a "slight gap into which few cases fall." *Id.* at 672. The "purpose of this remedy 'is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). Indeed, the coram nobis statute states:

> Upon a showing by the [petitioner] that the [petitioner] was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at trial.

T.C.A. § 40-26-105(b) (2006). The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. T.C.A. § 40-26-105; *see also State v. Hart*, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1998).

The writ of error coram nobis may be had within one year after the judgment becomes final by petition presented to the trial court. T.C.A. § 27-7-103 (2006). However, principles of due process may preclude the use of the statute of limitations to bar a claim in coram nobis. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001). "[B]efore a state may terminate a claim for failure to comply with procedural requirement such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Id*. at 102 (quoting *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992)). Thus, principles of due process may intercede when, "under the circumstances of a particular case, application of the statute [of limitations] may not afford a reasonable opportunity to have the claimed issue heard and decided." *Burford*, 845 S.W.2d at 208.

In summarily dismissing the petition, the trial court found that it was time-barred by the statute of limitations and that it failed to state a cognizable claim. After reviewing the record, we agree. None of the claims raised by the petitioner are the types which are proper for error coram nobis relief. The petitioner asserts no newly discovered evidence or facts not known to the trial court at the time of his plea. The only "new" fact asserted by the petitioner is that his conviction was used

to enhance a later federal sentence. Even if established, which we noted in our recitation of the facts that the petitioner has failed to do, the alleged constitutional infirmities and rule violations existed at the time of the plea and would have more properly been challenged in a post-conviction or habeas corpus petition. The petitioner has offered no explanation for the nine-year lapse in his challenge of these issues. Thus, while due process may excuse an untimely filing, the petitioner has failed to establish his entitlement to such due process considerations on these facts.

## CONCLUSION

Based upon the foregoing, the Davidson County Criminal Court's summary dismissal of the petition for writ of error coram nobis is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE